UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21822-CIV-KING/BANDSTRA

MARTIN POVEDA,

    Plaintiff,

vs.

POPULAR MORTGAGE SERVICING,
INC. and FREMONT INVESTMENT &
LOAN CO.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on Defendant Fremont Reorganizing Corporation's Motion to Assess Attorney's Fees (D.E. 10) filed on October 28, 2007. On October 29, 2007, this motion was referred to Chief United States Magistrate Judge Ted E. Bandstra by the Honorable James Lawrence King for appropriate resolution pursuant to 28 U.S.C. §636 (b). Having considered this motion, the court file and applicable law, the undersigned respectfully recommends that Defendant Fremont Reorganizing Corporation's Motion to Assess Attorney's Fees be DENIED.

## BACKGROUND

On June 25, 2008, Martine Poveda Ramos ("plaintiff") commenced this action by filing a Complaint for Recission of Mortgage and Damages against Popular Mortgage Serving, Inc. and Fremont Investment & Loan Co (jointly "defendants") alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq*; the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq*; the Florida Deceptive and Unfair Trade Practices

Act, Fla.Stat. §§ 501.201 *et seq.* and state law claims of fraud and recission.

On July 25, 2008, defendant Freement Investment & Loan Company ("Fremont") filed its answer essentially denying the allegations of the complaint and raising certain affirmative defenses.

Thereafter, the matter was set for a scheduling conference on August 7, 2008 pursuant to Court Order. Counsel for plaintiff failed to appear at the scheduling conference. The Court proceeded to review the Complaint and found each of its counts to be deficient. Accordingly, the Court dismissed the Complaint without prejudice and provided plaintiff with fifteen days from the date of the Order to file an amended complaint and reserved jurisdiction to enter an award of attorney's fees and costs, if appropriate. See August 14, 2008 Order (D.E. 7).

Plaintiff failed to file an amended complaint. As a result, the Court entered an Order of Dismissal With Prejudice on September 4, 2008 and continued to reserve jurisdiction to enter an award of attorney's fees and costs, if appropriate and upon submission of a further motion.

On October 28, 2008, Fremont, as the prevailing party in this action, filed the instant Motion to Assess Attorney's Fees seeking $6,051.00 .

## FINDINGS AND CONCLUSIONS

Fremont, as the prevailing party in this action, seeks an award of attorney's fees in the amount of $6,051.00 pursuant to the terms of the mortgage, incorporated by the adjustable rate note, entered into between the parties and under Section 501.201 *et seq.* of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").

Generally speaking, each party to a lawsuit bears its own attorney's fees absent a statutory or contractual provision authorizing the award of the same. Alyeska Pipeline Service Co. v Wilderness Society, 421 U.S. 240, 247, 95 S.Ct. 1612 (1975). Under Florida law, which governs the interpretation of this contract (mortgage)[1], attorney's fees may be awarded to the prevailing party pursuant to a contractual agreement authorizing their recovery. Price v. Taylor, 890 So.2d 246, 250 (Fla. 2004). The Court does not have discretion to decline to enforce a contractual provision awarding attorney's fees in that such provisions are mandatory. Lashkajani v. Lashkajani, 911 So.2de 1154, 1158 (Fla. 2005). Florida law provides that "[u]nder established principles of contract construction, attorney's fee provisions must be strictly construed, and each claim which purportedly gives rise to a fee should be assessed individually." Bay Lincoln Mercury-Dodge, Inc. v. Transouth Mortgage Corp., 531 So.2d 1027 (Fla. 1st DCA 1988). As such, "[t]he right to attorney's fees under any contractual provision is limited by the terms of such provision. Id. at 1028.

In the instant case, the mortgage executed by plaintiff in favor of Fremont states:

If . . . there is a legal proceeding that might significantly affect Lender's [Fremont's] interest in the Property and/or rights under this Security Instrument . . . then [Fremont] may do and pay for whatever is reasonable or appropriate to protect to [its] interest in the Property and rights under this [Mortgage] . . . . [Fremont's] action can include, but are not limited to . . . paying reasonable attorney's fees to protect its interest in the Property and/or rights under this Security Instrument . . . .
Any amounts disbursed by [Fremont] under this Section 9 shall become additional debt of Borrower [plaintiff] secured by this [Mortage]. These

---

[1] Paragraph 16 of the mortgage provides that the instrument is governed by federal law and the law of the jurisdiction in which the property is located. The subject property is located in Hialeah, Florida. See D.E. 10, Exh. C.

> amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from [Fremont] to [plaintiff] requiring payment.

See Adjustable Rate Note and Mortgage, para. 9. (D.E. 10, Exh. C)

Relying on this provision, Fremont argues that since plaintiff's complaint sought to rescind the mortgage, it was required to expend sums for attorney's fees in an effort to protect its security agreement. While this may be true, the undersigned finds that the provisions of paragraph 9 of the mortgage do not entitle Fremont to recover its attorney's fees though this litigation. Rather, a strict construction of paragraph 9 reveals that Fremont is only entitled to recover such expenditures as additional debt of plaintiff secured through the mortgage. Indeed, Fremont acknowledges this remedy in the instant motion and puts plaintiff on notice of the same. The mortgage is simply devoid of any "prevailing party" provision.

In short, the undersigned finds that paragraph 9 of the mortgage does not entitle Fremont to recover its attorney's fees and costs as the prevailing party in this action.

As further support for its entitlement to attorney's fees, Fremont maintains that this Court should award such fees under Section 501.2105(1) of FDUTPA. Specifically, §501.2105(1) provides:

> In any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or reasonable attorney's fees and costs from the non-prevailing party.

Id. The award of fees and costs is not mandatory under FDUTPA, but rather a matter committed solely to the discretion of the trial court. See Humane Soc. of Broward County, Inc. v. Florida Humane Soc., 951 So.2d 966, 968 (Fla. 4th DCA 2007). Thus, the burden

4

is on the moving party to demonstrate an entitlement to fees under the statute. CrossPointe, LLC v. Integrated Computing, Inc., 2007 WL 1192021, *at 5 (M.D. Fla. 2007)

In exercising such discretion, courts are guided by and generally balance the following non-exhaustive factors: (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions-including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith, but was frivolous, unreasonable, or groundless; (6) whether the defendant raised a defense mainly to frustrate or stall; and (7) whether the claim brought was to resolve a significant legal question under FDUTPA law. See Humane Society, 951 So.2d at 968.

Applying these factors here, the undersigned finds that Fremont has failed to meet its burden of establishing its entitlement to attorney's fees under FDUTPA. Specifically, Fremont has not demonstrated that it expended any significant attorney time in defending against plaintiff's FDUTPA claim. Indeed, Fremont acknowledges that all of plaintiff's claims were based on essentially the same transaction and allegations. See Defendant's Motion for Fees (D.E 10), pg. 5. Thus, awarding fees under this statute would be tantamount to awarding fees for the other alleged statutory violation to which it is not entitled. Moreover, this litigation was resolved in a matter of months.

As to the second factor, the record is devoid of any evidence of plaintiff's financial ability to satisfy an award of fees. However, the allegations of the complaint and the procedural history of this litigations suggest that his ability may be limited.

5

With respect to the third factor, the undersigned cannot determine whether an award of fees would deter others from acting in similar circumstances. Plaintiff's FDUTPA claim was dismissed for failure to state a cause of action in that the allegations of the subject transaction were insufficient. Others individuals in plaintiff's circumstances may have been able to assert such a claim.

Similarly, the remaining factors cannot be determined on the record of this case since the matter was resolved by an Order of Dismissal without any resolution of the merits of the claim or any significant legal question. However, the record does not suggest that plaintiff's FDCUTPA claim was frivolous, unreasonable or groundless.

Accordingly, the undersigned finds that an award of attorney's fees under FDCUTPA is not warranted under the circumstances of this case.

## RECOMMENDATION

For all the foregoing reasons, the undersigned respectfully recommends that Defendant Fremont Reorganizing Corporation's Motion to Assess Attorney's Fees be DENIED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. §636(b)1) (c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982); cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED in Miami, Florida this 20 day of January, 2009.

_____
Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:
Honorable James Lawrence King
Counsel of record